[No. 4304.   Decided October 4, 1902.]

## W. G. SAYLES, *Appellant*, v. WALLA WALLA COUNTY, *Respondent*.

COUNTIES — COMPENSATION OF SURVEYORS.

County surveyors are entitled to compensation only for the days necessarily occupied in the discharge of the duties of that office, under Laws 1889-90, p. 302, § 2, which provides that "the county surveyor shall also receive $5 per day for each day actually engaged in his duties as such officer," and under Laws 1895, p. 418, § 30, amendatory of the act of 1890, classifying counties and fixing salaries of officers, which provides that all "officers paid a per diem under the provisions of this act shall only be paid for the time actually and necessarily spent in the discharge of their duties."

STATUTES — DETERMINATION OF VALIDITY.

The validity of a statute will not be determined, except when necessarily involved in the case before the court.

Appeal from Superior Court, Walla Walla County.— Hon. THOMAS H. BRENTS, Judge.   Affirmed.

*W. T. Dovell*, for appellant.

*Oscar Cain*, for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Plaintiff (appellant) was the county surveyor of Walla Walla county.   The complaint alleges that from the first Monday in January, 1899, until the first Monday in June, 1901, he discharged all the duties of such county surveyor which are required by law; that

he is entitled to $5 per day for each day not a holiday during his term, and demands judgment for the remainder due him for compensation while so discharging his official duties. A general demurrer was interposed to the complaint by defendant. The demurrer was sustained, and, plaintiff declining to plead further, judgment of dismissal was entered.

The objection urged to the complaint is that it does not state a cause of action, because the time actually and necessarily occupied in the discharge of the duties of the surveyor is not stated. The rights of the plaintiff must be determined by the law providing for his compensation. The original statute designating fees and salaries of county officers is found in Laws 1889-90, p. 302. The second section of this act designates the names and number of the county officers, among which are county surveyors, and provides: "the county surveyor shall also receive $5 per day for each day actually engaged in his duties as such officer." The counties of the state were then graded according to the population, and salaries and fees in each prescribed in §§ 3 to 31, inclusive, and in each section was stated the salary or compensation to be received by each county officer. For counties of the twelfth class, of which Walla Walla was one, in § 14 of the act relating thereto, it was enacted, "county surveyor, $5 per day." By an act approved March 20, 1895 (Laws 1895, p. 409), the legislature amended the original salary and fee law under the following amendatory title:

"An act to amend sections three to thirty-one, both inclusive, of an act entitled 'An act classifying the counties according to population, enumerating the county officers, fixing the salaries thereof, providing for deputies, collection of fees and payment of salaries,' received by the governor March 26, A. D. 1890."

In this act each of the sections mentioned was amended by repeating the former section as amended. In the amendatory act § 14 of the original law relating to surveyors was not changed, and still reads, "county surveyor, $5 per day." Section 2 of the original law was left unchanged. It seems then that the surveyor is to receive $5 per day for each day actually engaged in his duties as such officer. No change in the provisions of § 2 of the original law has been brought to our attention. It is true, § 2 of the original act as it appears in Ballinger's Code, § 1564, does not seem to contain this provision as to the actual services of the surveyor, but it appears in 1 Hill's Code, § 2973. This direction as to the compensation of county surveyor was made generally applicable to all the counties, and it is not inconsistent with the specification of $5 per day in the classified sections of the law following in the act and relating to each county. Much of the argument of counsel has been directed to the constitutionality of § 30 of the amendatory act of 1895. Laws 1895, p. 418. The section reads as follows:

"All officers paid a per diem under the provisions of this act shall only be paid for the time actually and necessarily spent in the discharge of their duties. No superintendent of common schools shall receive any compensation for his services other than the salary fixed by this act."

It is urged this is an independent section, and not within the title of the amendatory act, and, although germane to the title of the original act, yet the restrictive nature of the amendatory title excludes the amendment of anything in the original law further than §§ 3 to 31, inclusive, However, it is not necessary here to determine the validity of § 30 of the amendatory act. Questions of this nature are decided only when necessarily involved in the case before the court. But it has been seen that § 2 of the orig-

inal law fixes the compensation of surveyors at $5 per day for each day they are actually engaged in the discharge of their duties as such surveyors. With such construction of the law the facts necessary to state a cause of action are not averred in the complaint.

Judgment affirmed.

ANDERS, FULLERTON, HADLEY, MOUNT and DUNBAR, JJ., concur.